UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80997-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

JOHN ARTHUR MAC LEAN,

    Plaintiff,

v.

PAMELA JO BONDI, *et al.,*

    Defendants.
_____/

### REPORT OF MAGISTRATE JUDGE RECOMMENDING DISMISSAL OF CIVIL RIGHTS COMPLAINT - 42 U.S.C. § 1983
[ECF No. 1]

### I. Introduction

Plaintiff, **John Arthur Mac Lean,** a convicted felon, currently confined at the Everglades Correctional Institution ("Everglades CI"), in Miami, Florida, has filed a 140-page rambling, narrative complaint, under 42 U.S.C. § 1983, naming twenty-one Defendants, arising from allegations that his constitutional rights have been violated in relation to his prosecution and conviction in Palm Beach County Circuit Court, **Case Nos. 50-2012-CF-011333-AXXX-MB and 50-2012-CF-011334-AXXX-MB.** [ECF No. 1]. For the reasons discussed below, this filing

should be DISMISSED for failure to state a claim upon which relief can be granted and as frivolous.

Out the outset, it bears mentioning, that the complaint contains handwritten notations and Plaintiff's signature is scattered haphazardly throughout the margins of some pages, along with other notations, but it is still unverified, and not executed under penalty of perjury in accordance with 28 U.S.C. § 1746 and S.D. Fla. L.R. 7.1(d). *See* [ECF No. 1-131, 132, 133-142]. Plaintiff's handwritten filing fails to identify a defendant, much less a cause of action. [ECF No. 1 at 1-9].

For purposes of the mailbox rule, absent evidence to the contrary, the complaint is deemed filed on June 19, 2020, when it was delivered to prison authorities for mailing, as evidenced by the prison mail stamp.[1] [ECF No. 1 at 142].

It is well established that federal courts have an obligation to look behind the label of pleadings filed by *pro se* prisoners to determine whether the motions are, in legal effect, cognizable under a different remedial statutory framework. *United States v. Jordan,* 915 F.2d 622, 624-25 (11th Cir. 1990)(citing *Andrews v. United States,* 373 U.S. 334 (1963)).

---

[1]Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001)(per curiam)(citing *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir.1999)(per curiam)).

Construed most liberally, as afforded *pro se* litigants pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)(per curiam), as can best be discerned, Plaintiff appears to be requesting an Order from this court "nullifying" his two state court convictions and requiring his immediate release from custody. [ECF No. 1 at 1, 5, 121]. He also seeks an Order from this court requiring that the State of Florida reimburse him, pursuant to Florida Statutes, for the time spent in unlawful custody. [*Id.* at 122]. He maintains that the named Defendants have "criminally conspired" and "obstructed justice" and that his constitutional rights were violated during his prosecution and conviction. [*Id.* at 1-11, 16, 18, 17, 21-23, 38, 40-42, 52-53, 95, 97, 121-22]. According to the Plaintiff, the chain of custody of evidence was violated by prosecutors and law enforcement officials, evidence was tampered with, suppressed, altered, or otherwise destroyed, and "CODIS" results of his "2005 DNA profile," and "many other documents" were unlawfully altered. [*Id.*]. He maintains some of the state prosecutors, for example, Briana Cokely and Reid Scott, were disbarred[2] and appeared before a purported Senate hearing admitting that the prosecutor's office obstructed justice, tampered with evidence, and otherwise unlawfully convicted him. [*Id.* at 11-40].

---

[2]However, review of The Florida Bar's on-line website reveals that both attorneys are members of The Florida Bar, in good standing with no disciplinary record on file at least the past ten years. *See* www.floridabar.org.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02.

Plaintiff has previously been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018).

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to Plaintiff. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017)(per curiam)(citing *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1335 (11th Cir. 2012)(per curiam)).

In order "to avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the

reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court may not, however, construct a litigant's legal arguments for him. *See Fils v. City of Aventura,* 647 F.3d 1272, 1285 (11th Cir. 2011)(finding a court "may look at all the evidence in the record," but it may not "act as plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation.").

## III. Discussion

### A. Dismissal as Incomprehensible

This proceeding is subject to summary dismissal as Plaintiff has not demonstrated a legal cause of action under federal law and is instead a hodgepodge of unsupported assertions not warranting federal review. *See United States v. True,* 2003 WL 21254889, *1 (M.D. Fla. 2003)(affirming summary denial of defendant's motion to dismiss because it was written in incomprehensible gibberish)(citing *Cain v. C.I.R.,* 737 F.2d 1417, 1418 (5th Cir. 1984)(affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," and stating that the court should not have been put through the trouble of adjudicating the meritless appeal)).

### B. Dismissal as Shotgun Pleading

Further, the leniency afforded to *pro se* litigants does not permit them to file, as here, an impermissible narrative, "shotgun" pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)(citations omitted). the letter/complaint does identify a named defendant, and is replete with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland,* 792 F.3d at 1321-23. Most significantly, Plaintiff fails to assign any particular federal constitutional act or omission. Because the filing is fraught with incomprehensible facts that do not identify any federal legal cause of

action, this filing should be dismissed for failure to state a claim upon which relief can be granted. *See e.g., Jackson v. Bank of America,* 898 F.3d 1348, 1356 (11th Cir. 2018)(finding shotgun pleading obstructed the administration of justice).

### C. Improperly Construed as a § 1983 Filing

Plaintiff's filing does not properly allege a civil rights violation. To state a claim for relief under § 1983, "a plaintiff must show that he was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)(citing *Almand v. DeKalb County, GA,* 103 F.3d 1510, 1513 (11th Cir. 1997)). No such allegation has been made here. Instead, Plaintiff's narrative suggests a "criminal conspiracy," and prosecutorial misconduct by withholding, tampering, fabricating, altering, or otherwise destroying evidence in both criminal cases.

Thus, even construed most liberally, as a civil rights action under 42 U.S.C. § 1983, this case should be dismissed for failure to state a claim upon which relief can be granted.

### D. Abstention

To the extent Plaintiff requests an Order from this court requiring the state criminal court to nullify his Palm Beach County Circuit Court criminal convictions, this court should abstain from interfering in ongoing state criminal proceedings.

The *Younger* abstention doctrine requires this court to abstain from interfering with ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971). "In *Younger v Harris*, the United States Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances." *See Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (discussing *Younger*, 401 U.S. at 41). This abstention doctrine applies when (1) the challenged proceedings are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise those constitutional concerns. *Adams v. State of Fla.*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

"The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings [that are] criminal in nature[.]" *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citing *Moore v. Sims,* 442 U.S. 415, 423 (1979) and *Huffman v. Pursue*, Ltd., 420 U.S. 592, 604-05 (1975)). "[U]nless state law clearly bars the interposition of the specific constitutional claims[,]" federal courts should abstain whenever "vital state interests are involved[.]" *Middlesex Cty. Ethics-Comm. v. Garden State Bar-Ass'n*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. at 426). *See also Hawaii Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1325 (1983) (stating the same principle and

adding that an extraordinary circumstance may also qualify as a basis not to apply *Younger*'s abstention doctrine). These rules are consistent with the "recognition that national government functions best if state institutions are unfettered in performing their separate functions in their separate ways." *Hawaii Hous. Auth. v. Midkiff*, 463 U.S. at 1325 (relying upon *Younger*, 401 U.S. at 44).

This Court has taken judicial notice of criminal proceedings currently pending in Palm Beach County Circuit Court, **Case No. 50-2012-CF-011333-AXXX-MB,**[3] arising from Plaintiff's conviction for armed sexual battery on April 23, 2018. He was thereafter sentenced to a lifetime term of imprisonment. On **February 5, 2020,** the Florida Fourth District Court of Appeal reversed the judgment and remanded for a new trial, finding that the trial court was required to accept defendant's waiver of the statute-of-limitations defense so that the jury could be instructed on the lesser-included sexual battery without a firearm offense. *See Maclean v. State,* 291 So. 3d 589, 590 (Fla. 4th DCA 2020). Review of the state court docket reveals that, in accordance with the mandate, a retrial has not been scheduled as of June 25, 2020.

Regarding Plaintiff's conviction in Palm Beach County Circuit Court, **Case No. 50-2012-CF-011334-AXXX-MB,** Plaintiff was found guilty of armed sexual battery with a firearm following a jury verdict in June 2018. Thereafter, he was

---

[3]Copies of the relevant state trial and appellate court dockets and opinions are being filed and made part of this record by separate court order.

sentenced to a lifetime term of imprisonment. On **October 24, 2019,** Plaintiff's judgment was *per curiam* affirmed in a decision without written opinion. *Maclean v. State,* 288 So. 3d 654 (Fla. 4th DCA 2019)(unpublished table decision). Following conclusion of his direct appeal, Plaintiff has filed no collateral post-conviction motions.

Given the above, it is evident that this complaint, no model of clarity, implicates *Younger* to the extent it is challenging the pending charge in **Case No. 50-2012-CF-011333-AXXX-MB**. *See Younger*, 401 U.S. at 47-48 (showing the abstention doctrine was established in the context of a challenge presented during pending criminal proceedings).

Accordingly, because state criminal proceedings involve important state interests, and Plaintiff has an adequate opportunity to any issues before the state court judge regarding the lawfulness of the armed robbery charge prior to his re-trial, *Younger*-abstention is appropriate. *See Turner*, 542 F. App'x at 767 (relying upon *Middlesex*, 457 U.S. at 432). Finally, there is nothing "extraordinary" about the circumstances of this case that would warrant federal action in the pending state court proceeding. *See Hawaii Hous. Auth.*, 463 U.S. at 1325.

## E. No Mandamus Relief

To the extent Plaintiff's filing is viewed as a petition seeking mandamus relief, directing the state trial courts to "nullify" his prior state court conviction in 20-2012-CF-011334-AXXX-MB, Plaintiff is not entitled to the relief requested.

"Federal courts do not have the jurisdiction to issue writs of mandamus directing state officials in the performance of their duties." *See Lawrence v. Miami-Dade Cty. State Att'y Office*, 272 F. App'x 781, *1 (11th Cir. 2008)(per curiam) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.")(citing " *Lamar v. 118th Judicial Dist. Ct. of Tex.,* 440 F.2d 383, 384 (5th Cir.1971));[4] *Moye v. Clerk, DeKalb Cty. Super. Ct.,* 474 F.2d 1275, 1276 (5th Cir. 1973); *Church of Scientology of Ga., Inc. v. City of Sandy Springs,* 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) ("Federal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties."). Thus, when construed as a mandamus petition, this filing should be dismissed for failure to state a claim upon which relief can be granted.

---

[4] In *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions from the former Fifth Circuit handed down prior to close of business on September 30, 1981.

### F. Construed As a § 2254 Petition

To the extent Plaintiff seeks to challenge the constitutionality of his conviction and resultant sentence in both cases, the proper remedy would be the filing of a separate federal habeas corpus petition, pursuant to 28 U.S.C. § 2254, as to each case, but only after he exhausts state court administrative remedies.

Further, as to his attack on Case No. 50-2012-CF-011333-AXXX-MB, because the judgment was vacated by the appellate court, and the case remanded for a retrial, § 2254 federal habeas corpus review would be premature.

If, however, Plaintiff wishes to attack the constitutionality of his conviction and sentence in Case No. 50-2012-CF-011334-AXXX-MB, he may do so by filing a federal habeas petition, on the proper form. It is worth mentioning, however, that Petitioner has not pursued post-conviction relief following the affirmance of his conviction and sentence on direct appeal. His judgment was affirmed on **October 24, 2019.** *MacLean,* 288 So.3d at 655. For federal habeas corpus purposes, this judgment became final, and the federal limitations period, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as amended, began on **January 22, 2020,** when the ninety-day period for seeking discretionary review with the U.S. Supreme Court expired. *See* Sup. Ct. R. 13; *Gonzalez v. Thaler,* 565 U.S. 134 (2012). Thus, absent tolling for any properly filed state post-conviction

proceedings, Petitioner's one-year statutory limitations period is due to expire on **January 22, 2021.**

### IV. Conclusion

Plaintiff's complaint is legally deficient, and wholly fails to state a viable federal cause of action under § 1983 or mandamus against any party, warranting dismissal of this filing. Although district courts must liberally construe *pro se* pleadings, as indicated above, the courts are not required to rewrite complaints to state a viable cause of action where one does not otherwise exist. *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)("[I]n the case of *pro se* litigants [the] leniency [afforded] does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[.]").

Because it is apparent that any further amendment would be futile in that any amendments on the basis of the allegations now presented would still be properly dismissed, this court should dismiss this action without leave to amend. *See Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007)).

## V. Recommendations

Based upon the foregoing, it is recommended that:

1. this complaint be DISMISSED for failure to state a claim upon which relief can be granted under § 1915(e) and as frivolous, *Carroll v. Gross, et al.*, 984 F.2d 392, 393 (11th Cir. 1993); and,

2. the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 24th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: John Arthur Mac Lean, *Pro Se*
DC#070620
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194